THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. SINGLETON, Appellant. [910 NYS2d 716]—

Appeal from a judgment of the Ontario County Court (Renee Forgensi Minarik, A.J.), rendered July 15, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of assault in the second degree (Penal Law § 120.05 [2], [7]). Contrary to defendant's contention, County Court did not err in failing sua sponte to conduct a hearing to determine defendant's competency to stand trial. There is no indication in the record that defendant was " 'incapable of understanding the charge, indictment or proceedings or of making his defense' " to warrant such a hearing (*People v Armlin*, 37 NY2d 167, 171 [1975]; *see* CPL 730.10 [1]; 730.30 [1]). Defendant further contends that the court committed reversible error by admitting evidence of the underlying crime for which defendant was incarcerated at the time of the assault charged pursuant to Penal Law § 120.05 (7). Although we agree with defendant that the court erred in that respect, we conclude that the error is harmless and thus that reversal is not required based on that error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Carni, Green, Pine and Gorski, JJ.